IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARIE SMITH,                          )
                                      )
      Plaintiff Below,              )
      Appellant,                    ) No. 308, 2014
                                      )
    v.                                )
                                      ) Court Below: Superior Court
HARRY GRIEF, and HARRY'S              ) of the State of Delaware in
TRANSPORT, INC., a foreign            ) in and for New Castle County
corporation,                          ) C.A. No. N11C-06-098
                                      )
      Defendants Below,             )
      Appellees.                    )


Submitted: December 3, 2014
Decided: January 8, 2015

Before **STRINE**, Chief Justice, **RIDGELY**, and **VAUGHN**, Justices.

## O R D E R

This 8th day of January 2015, upon consideration of the parties' briefs and the record of the case, it appears that;

1.    The plaintiff below/appellant, Marie Smith, appeals from a Superior Court order which denied her motion *in limine* to exclude the testimony of a biomechanical engineer, Sandra Metzler, D.Sc. Dr. Metzler was retained by defendants below/appellees, Harry Grief and Harry's Transportation, Inc. The appellant raises two claims on appeal. First, she claims that Dr. Metzler's testimony

1

should have been excluded because her opinions were not supported, corroborated,

or relied upon by supporting medical opinions. Second, she claims that Dr. Metzler's

testimony should have been excluded because the opinions were unreliable under

*Daubert* and D.R.E. 702.

2.      The appellant sought recovery for bodily injuries, primarily injuries to

her cervical spine, allegedly sustained in an auto accident. Each side retained a

medical expert to testify about the appellant's alleged injuries. The appellees also

retained Dr. Metzler, a biomechanical engineer.

3.      In her report, Dr. Metzler offered the following expert opinions:

> 1. The average acceleration and resulting loading that Ms.
> Smith was exposed to as a result of this accident was
> approximately 1.7 g's in the horizontal direction.
>
> 2. The forces and acceleration that Ms. Smith experienced
> in this accident are not consistent with causing her reported
> neck and upper extremity conditions.

4.      A hearing on the motion *in limine* was held, at which Dr. Metzler

testified. At the conclusion of the hearing, the Superior Court denied the motion.

The court found that Dr. Metzler was a qualified expert in the field of biomechanics

and that her opinions were related to the particular circumstances surrounding the

appellant and the accident. The court further found that the proffered testimony was

relevant and reliable. The case proceeded to trial, at which the jury returned a verdict

in favor of the appellant in the amount of $48,000.

5. We review the trial court's evidentiary ruling for abuse of discretion.[1]

6. In *Eskin v. Cardin,*[2] this Court addressed, for the first time, the

admissibility of expert biomechanical testimony in a personal injury case, and held

as follows:[3]

> We, therefore, hold that a trial judge may admit
> biomechanical expert opinion that a particular injury did
> (or did not) result from the forces of an accident only
> where the trial judge determines that the testimony reliably
> creates a connection between the reaction of the human
> body generally to the forces generated by the accident and
> the specific individual allegedly injured or another
> determinative fact in issue.

In *Eskin,* the plaintiff had a pre-existing back injury. Because the

biomechanical expert's opinions were generalized and not connected to the facts and

circumstances pertaining to the specific plaintiff involved in that case, the opinions

---

[1] *Eskin v. Carden*, 842 A.2d 1222, 1227 (Del. 2004).

[2] *Id.*

[3] *Id*. at 1230.

3

were found to be inadmissible.

7.      A month later, in *Mason v. Rizzi,*[4] this Court elaborated on *Eskin.* In *Mason*, the plaintiff's spine had degenerative weakness and had been subjected to surgery before the accident involved in that case. In affirming the trial court's decision that the biomechanical expert's opinion was not admissible, this Court found that the proffered opinion was not connected to the plaintiff's characteristics. It was generalized and the expert did not consider the effect of the forces at work upon a spine which had degenerative weakness and had been subjected to surgery before the accident.

8.      The appellant argues that *Eskin* and *Mason* establish a general rule that biomechanical expert testimony must be connected to, that is, supported by, medical testimony, with one narrow exception. The narrow exception, the appellant argues, is that biomechanical expert testimony may be admissible without being supported by medical testimony if it is offered to impeach or contradict factual assumptions relied upon by a medical expert.

9.      However, *Eskin* and *Mason* do not support the appellant's arguments.

---

[4]   89 A.3d 32 (Del. 2004).

4

In *Mason* this Court expressly stated that biomechanical expert opinion may be admissible without being related to expert medical opinion: "[W]e reject the notion, suggested by the term 'medical causation,' that biomechanical expert opinion can never be admitted unless the opinion is seconded by or relied upon by a physician in forming that physician's opinion about whether an accident caused physical injury to a person."[5] The issue is not whether biomechanical expert testimony is corroborated, relied upon, or used to impeach expert medical testimony. Rather, as stated in *Mason*, "[t]he essential inquiry, given the particular facts of the case, should be whether the expert opinion is sufficiently reliable, as well as relevant, so that the trial judge can fairly conclude that it is trustworthy."[6] The appellant's contention that Dr. Metzler's opinions were inadmissible because they were not supported, corroborated or relied upon by expert medical testimony, or did not impeach or contradict factual assumptions relied upon by a physician, is rejected.

10.     The appellant's second claim is that Dr. Metzler's testimony should be excluded because her opinions were unreliable under *Daubert v. Merrell Dow*

---

[5] *Id.* at 36.

[6] *Id.*

*Smith v. Grief, et al.*
No. 308, 2014
January 8, 2015

*Pharmaceuticals, Inc.*[7] and D.R.E. 702. Under D.R.E. 702, the Superior Court must

determine whether:

> (1) the witness is qualified as an expert by knowledge, skill, experience, training or education; (2) the evidence is relevant; (3) the expert's opinion is based upon information reasonably relied upon by experts in the particular field; (4) the expert testimony will assist the trier of fact to understand the evidence or to determine a fact in issue; and (5) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[8]

11.   At the conclusion of the hearing, the Superior Court carefully considered

*Eskin* and each of the D.R.E. 702 factors just mentioned. The court found that "Dr.

Metzler has done the type of examination and analysis to connect this particular

injury to this particular individual. And it's based upon verifiable results."[9] The

court found that Dr. Metzler's analysis involved substantial calculations, an extensive

review of the individual characteristics of the accident and the plaintiff, and an

application of the biomechanical principles involved to the particularized

circumstances of the case. Individualized factors considered included the plaintiff's

---

[7] 509 U.S. 579 (1993).

[8] *Bowen v. E.I. DuPont de Nemours & Co.*, 906 A.2d 787, 794 (Del. 2006).

[9] (A186).

medical records,  the plaintiff's height and weight, the fact that she was a female, the

fact that she was pregnant, the type of vehicle she was in, and her position in the

vehicle based upon the plaintiff's account of her position.  We find that the Superior

Court's analysis and conclusion are supported by the evidence and free of legal error.

NOW,  THEREFORE,  IT  IS  ORDERED  that  the  judgment  of  the  Superior

Court is AFFIRMED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

7